O

cc: order, docket, remand letter
to Ventura County Superior Court,
No.56-02012-00419017-CU-WT-VTA

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTINE FREY, | Case No. CV 12-07106 DDP (FMOx) |
| Plaintiff, | **ORDER TO REMAND** |
| v. | |
| COVENTRY HEALTH CARE WORKERS COMPENSATION INC, et al., | |
| Defendants. | |

Plaintiff Martine Frey commenced a state court action against Defendant Coventry Health Care Workers Compensation, Inc., alleging wrongful termination and unlawful discrimination under California law.  Defendant then removed the case to this court on the basis of diversity jurisdiction.  This court issued an Order to Show Cause Why This Action Should Not Be Remanded for Lack of Subject Matter Jurisdiction.  The court now finds that the amount in controversy is insufficient to give it jurisdiction and remands the matter to state court.

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ."  28 U.S.C. § 1441(a).

District courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between . . . citizens of different states."  28 U.S.C. § 1332(a).  The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if any doubt exists as to the propriety of removal.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  A removing defendant always bears the burden of establishing that removal is proper.  Id.  A speculative argument as to the amount in controversy is insufficient.  Id. at 567.

        "[I]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds" the required amount.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398 (9th Cir. 1996).  In other words, Defendant must "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount."  Id.

        Here, Plaintiff is a citizen of California and Defendant is incorporated in Delaware, so the parties are citizens of different states.  However, Defendant has failed to meet its burden in establishing the amount in controversy.  Plaintiff's state court complaint did not specify an amount of damages, but requested compensation for loss of income and benefits and for emotional distress.  Defendant provided evidence in the form of a declaration as to Plaintiff's salary and benefits.  Her annual salary was $65,947.44 and her benefits were $15,554.50.  (Opp. To Remand, Decl. of Sedgwick ¶¶ 4,6.) Defendant also provided evidence that

Plaintiff received quarterly bonuses for a total of $15,554.50 in 2011. (Id.) ¶ 5. At the time of removal, 196 days had passed since the time of termination.  Defendants calculated that Plaintiff's lost salary, bonus, and benefits totaled $51,924.93.  While the court will consider evidence of Plaintiff's salary and benefits until the time of removal, the court is more reluctant to consider bonuses without evidence that such bonuses are non-discretionary or otherwise more likely than not.  Excluding bonuses, Plaintiff's lost salary and benefits amount to $43,765.43.

Plaintiff is also seeking emotional distress damages, general damages, and punitive damages.  Defendants present damages awards in "similar cases," primarily from California Superior Court, to establish that "Plaintiff would likely receive non-economic damages which by themselves will exceed the $75,000 amount in controversy." (Opp. to Remand at 5.)  The court finds that these cases are not sufficiently similar to the instant case to constitute evidence sufficient to meet the amount in controversy.

Defendant also asserts that the amount of attorney's fees incurred by Plaintiff would "increase the above figures even more." (Opp. to Remand at 6.)  Attorney's fees may be considered as part of the amount in controversy when mandated by the underlying statute.  Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998).  Plaintiff has alleged a violation of California Labor Code § 12940, and California law authorizes reasonable attorney's fees to a prevailing party in such actions.  Cal. Lab. Code § 12965(b).  However, Defendant provides no estimate of the number of hours that would be involved in this case or of the hourly fee of attorneys in this practice area, such that the court has no

1  evidence to consider in determining the amount of attorney's fees
2  that are more likely than not to be incurred.
3      Because the statute is strictly construed against removal
4  jurisdiction and because the court has some remaining doubt that
5  the amount in controversy has been met, the court remands the
6  action.

7

8  IT IS SO ORDERED.

9

10

11  Dated: November 8, 2012

12                                    DEAN D. PREGERSON
                                      United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      4